UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAR BLUE INSURANCE CO.,<br>Plaintiff,<br>v.<br>TWIN GARDENS MANAGEMENT, INC.,<br>Defendant. | No. 2:26–cv–01093–CKD<br>ORDER<br>(ECF No. 18) |

Pending before the court is plaintiff Clear Blue Insurance Company's motion to dismiss defendant Twin Gardens Management, Inc. and Belfort Management Inc.'s counterclaim. Pursuant to Local Rule 230(g), the court submits the motion upon the record and briefs on file and vacated the August 5, 2026 hearing. For the following reasons, plaintiff's motion to dismiss defendants' counterclaim is GRANTED with leave to amend.

**BACKGROUND**

Plaintiff Clear Blue Insurance Company initiated this action on March 24, 2026 by filing a complaint against defendants Twin Gardens Management, Inc., Belfort Management, Inc., and Does 1-10. (ECF No. 1.) On March 25, 2026, plaintiff filed a first amended complaint against all defendants. (ECF No. 4.) The first amended complaint seeks declaratory relief that plaintiff has no duty to indemnify defendants for specific uncovered claims and damages for claims asserted

against defendants in the matter of Christine Holman, et al. v. Belfort Management, Inc., et al., Sacramento County Superior Court Case No. 23CV008748. (ECF No. 4 at ¶ 1.)

On May 13, 2026, defendants filed an answer and counterclaim against plaintiff. (ECF No. 10.) On July 1, 2026, plaintiff filed a motion to dismiss defendants' counterclaim with a hearing noticed for August 5, 2026. (ECF No. 18.) Defendants filed an opposition to plaintiff's motion to dismiss on July 18, 2026. (ECF No. 20.) On July 20, 2026, the court issued a minute order vacating the August 5, 2026 hearing due to defendants' motion not being filed in accordance with Local Rule 230(c). (ECF No. 21.) Plaintiff was given until July 28, 2026 to file a reply brief. Id. A reply brief was never filed. See Docket. Therefore, the court submits the motion for decision on the record and written briefing pursuant to Local Rule 230(g).

**LEGAL STANDARDS**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A motion to dismiss a counterclaim brought pursuant to Federal Rules of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." AirWair International, Ltd. v. Schultz, 84 F. Supp. 3d 943, 949 (N.D. Cal. Mar. 23, 2015).

**DISCUSSION**

**A. Plaintiff's Motion to Dismiss**

Plaintiff moves to dismiss defendants' counterclaim for failure to state a claim. (ECF No. 18-1 at 3.) Plaintiff argues that defendants do not raise a cause of action in their counterclaim and only offer legal conclusions without factual support. Id. Conversely, defendants argue that the

counterclaim did not require additional factual allegations. (ECF No. 20 at 2.)

Defendants make two allegations in their counterclaim: that plaintiff "wrongfully denied coverage for the underlying Christine Holman, et al. [action]", and that plaintiff "wrongfully denied defendants' request that plaintiff appoint *Cumis* counsel to defend defendants in the underlying Christine Holman, et al. [action]." (ECF No. 10 at 3.) It is unclear from the counterclaim what causes of action defendants are alleging against plaintiff. The court agrees with plaintiff that the counterclaim is conclusory and lacks factual support. See Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.") Plaintiff's motion to dismiss defendants' counterclaim is granted.

**B. Leave to Amend**

If the court finds that a counterclaim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (referring to complaints). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) Here, defendants will be granted an opportunity to amend their counterclaim.

If defendants choose to amend their counterclaim, defendants must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). In addition, defendants are informed that the court cannot refer to a prior pleading in order to make defendants' amended counterclaim complete. Local Rule 220 requires that an amended counterclaim be complete in itself without reference to any prior pleading. Once defendants file an amended counterclaim, the original pleading no longer serves any function in the case. Therefore, in an amended counterclaim, as in an original counterclaim, each claim and the involvement of plaintiff must be sufficiently alleged.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Defendants' counterclaim (ECF No. 10) is DISMISSED with leave to amend; and

2. Defendants shall have thirty (30) days to file an amended counterclaim.

Dated: August 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, clea.26cv1093